**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

CAROLYN SUE BENSON,                )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )          NO. CIV-02-0282-HE
                                   )
BRIDGESTONE/FIRESTONE, INC. LONG-  )
TERM DISABILITY BENEFITS PLAN FOR  )
SALARIED EMPLOYEES EFFECTIVE       )
FEBRUARY 1, 1987,                  )
                                   )
                    Defendant.     )

<u>**ORDER**</u>

Plaintiff Carolyn Sue Benson, while employed by Bridgestone/Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., sought long term disability benefits pursuant to the provisions of the Bridgestone/Firestone, Inc. Long-Term Disability Benefits Plan for Salaried Employees Effective February 1, 1987 ("LTD Plan" or "Plan"). Her claim was denied, as was her appeal of the benefit denial due to her failure to file it within the Plan's 60 day appeal period.

The plaintiff then instituted this action against the LTD Plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, seeking long term disability benefits and other relief.  In response, the defendant filed a motion asking the court to dismiss the case or, alternatively, stay it and compel the plaintiff to adjudicate her claims under Firestone's Employee Dispute Resolution Plan, which requires resolution of employment-related claims through mediation and binding arbitration.  The court granted the defendant's motion and stayed the action pending the mediation and arbitration of the plaintiff's claims.  An arbitrator recently issued an award granting the defendant's motion for summary judgment and dismissing the plaintiff's claims with prejudice.

The plaintiff has now filed a motion asking the court to vacate the arbitrator's decision and remand the case back for a full hearing on the merits. She contends that, although the Plan denied her appeal on the ground it was untimely, the defendant waived that defense by failing to include it in its answer filed in the arbitration proceeding. The Plan's assertion of the statute of limitations in its motion for summary judgment was too late, the plaintiff claims, to preserve it.[1] The plaintiff contends that the arbitrator committed manifest error when she relied on untimely exhaustion of administrative remedies as the basis for her decision and failed to include Bentley v. Cleveland County Bd. of County Comm'rs, 41 F.3d 600 (10th Cir. 1994) in her analysis. Under the modified standard of review applicable to discrimination actions, the award must, the plaintiff argues, be vacated. The defendant responds that the plaintiff has misstated the applicable standard of review and that the arbitrator's award did not result from a manifest disregard of the applicable law.

The standard of review of an arbitrator's decision is narrow. Bowen v. Amoco Pipeline Co., 254 F.3d 925, 931-32 (10th Cir. 2001). An arbitration award may be vacated only as permitted by Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, or in accordance with a few judicially created exceptions. Id. at 932. Vacation is proper under the FAA "in certain instances of fraud or corruption, arbitrator misconduct, or '[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, definite award upon the subject matter submitted was not made.'" Id. (quoting 9 U.S.C. § 10(a)(4)). An award also may be set aside if it evinces a "manifest disregard of the law," a judicially crafted exception to the general rule that an arbitrator's erroneous interpretation or application of law is not reversible. Id. See U.S. Energy Corp. v. Nukem, Inc., 400 F.3d

---

[1]*As the court concludes the arbitrator's award should be confirmed, it does not have to address the statute of limitations/exhaustion of remedies distinction urged by the defendant.*

822, 830 (10th Cir. 2005).  "Manifest disregard" has been defined as "'willful inattentiveness

to the governing law.'"  Nukem, Inc., 400 F.3d at 830 (quoting Jenkins v. Prudential-Bache

Sec., Inc., 847 F.2d 631, 634 (10th Cir. 1988)).  Mere error or misunderstanding of the law

is not enough.  Bowen, 254 F.3d at 932.[2]

The record in this case does not support a finding that the arbitrator knew, but

explicitly disregarded, the law.  *See id.*  The arbitrator considered the plaintiff's waiver

argument and rejected it, finding the plaintiff was on notice that the Plan was relying on her

untimely exhaustion of her administrative remedies and that, under Tenth Circuit law,

specifically Ball Corp. v. Xidex Corp., 967 F.2d 1440, 1443-44 (10th Cir. 1992),[3] this

comported with the purpose of Fed.R.Civ.P. 8(c).[4]

Under the narrow and highly deferential standard of review applicable to the

arbitrator's decision, U.S. Energy Corp., 400 F.3d at 830,  the court finds no basis for setting

it aside.  Accordingly, the plaintiff's motion to vacate is denied and the arbitrator's award is

---

[2]*Plaintiff's reliance on Williams v. Cigna Fin. Advisors, Inc., 197 F.3d 752 (5th Cir. 1999), as to the applicable standard of review, is perplexing.  It is, of course, unnecessary to resort to Fifth Circuit authority to establish the "manifest disregard of the law" exception to the deference owed an arbitrator's decision.  That standard has long since been adopted in this circuit.  Jenkins v. Prudential-Bache §., Inc., 847 F.2d 631, 634 (10th Cir. 1988).  To the extent the plaintiff offers Williams as support for a different test in discrimination cases, the response is obvious – this is not a discrimination case.*

[3]*The plaintiff in Ball argued that the defendant had waived an immunity defense by not raising it in its answer as required by Fed.R.Civ.P. 8(c).  The appellate court disagreed, holding that although the defendant did not assert immunity as an affirmative defense in the pleadings, it "did file a motion for partial summary judgment three months prior to trial, basing its argument in part on immunity," Ball, 967 F.2d at 1443, and had also raised the defense in its supplemental pretrial statement.  The arbitrator's lack of concern here with Bentley, 41 F.3d at 600, relied on by the plaintiff, was manifestly reasonable.  In Bentley, the defendant failed to raise the applicable defense by answer, in the pretrial order or at trial, and raised the issue for the first time in a post-trial motion.  Id. at 605.  The circumstances are not comparable.*

[4]*The arbitrator noted that the plaintiff had pleaded in her arbitration petition that the appeal of the benefit denial determination was not heard because it was untimely and the defendant had admitted that allegation in its answer.*

confirmed.  9 U.S.C. § 9.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2005.

JOE HEATON
UNITED STATES DISTRICT JUDGE